UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HENRY GARCIA, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-90-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Henry Garcia, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-7-60) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Garcia argues that he is entitled to habeas relief because correctional staff denied his request for video recording evidence. The administrative record reflects that correctional staff denied his request for video recording evidence because video recordings from the date of the incident had been deleted pursuant to regular maintenance practices by the time of his request. ECF 1-1 at 7. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials

must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Though it is unfortunate that video recordings from the date of the incident had been deleted, correctional staff did not act unreasonably by denying a request for evidence that no longer existed. Therefore, this claim is not a basis for habeas relief.

Garcia argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by not reviewing video evidence due to its unavailability. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The administrative record contains no indication that the hearing officer was personally involved with the discovery of the cellular device that was the subject of conduct report against Garcia. Moreover, it is unclear how the hearing officer's inability to review evidence that was not a part of the administrative record and did not exist suggests improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Garcia argues that he is entitled to habeas relief because he did not receive advance written notice of the disciplinary charges against him. According to Garcia, he was not screened until forty-one days after the alleged incident occurred. To satisfy

procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." *Id.* Moreover, notice of a conduct report within a particular time after the charged incident occurs is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff*, and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). The administrative record reflects that Garcia received notice of the charge and its factual basis more than one month before the hearing. ECF 1-1 at 4, 9. Therefore, the claim that Garcia received inadequate notice of the charge is not a basis for habeas relief.

If Garcia wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Henry Garcia leave to proceed in forma pauperis on appeal.

SO ORDERED on February 7, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT